# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**NORRIS B. HOWARD, SR.**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #083225**

**V.**　　　　　　　　**NO. 4:24-cv-00529-JM-ERE**

**LAFAYETTE WOODS, JR.,** *et al.*　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

On June 20, 2024, *pro se* plaintiff Norris B. Howard, Jr., an Arkansas Division of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Howard is a "three-striker,"[1] he can proceed with this case without

---

[1] The following dismissals are "strikes" for purposes of 28 U.S.C. § 1915(g): *Howard v. Morehead*, E.D. Ark. Case No. 4:01-cv-00283-JMM (Sept. 27, 2001 dismissal

paying the filing fee (also known as "in forma pauperis") only if he is currently in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Howard's complaint alleges that, in 2022, while he was incarcerated at the W.C. Dub Brassell Adult Detention Center, various individuals violated his constitutional rights. The facts and claims alleged are insufficient to reasonably suggest that Mr. Howard currently faces an imminent danger of serious physical injury.

On June 24, 2024, based on Mr. Howard's status as a three-striker and his failure satisfy the imminent-danger-of-serious-physical-injury standard, the Court ordered Mr. Howard to pay the $405.00 filing fee within 30 days. *Doc. 3.* The Order specifically cautioned Mr. Howard that his failure to pay the filing fee would result in dismissal of his claims, without prejudice.

Mr. Howard later requested and was granted multiple extensions to pay the statutory filing fee. *Docs. 7, 11, 13, 16, 19*.

To date, Mr. Howard has not paid the statutory filing fee, and the November 1, 2024 deadline to do so has passed.

---

for failure to state a claim); *Howard v. Hence, et al.*, E.D. Ark. Case No. 5:02-cv-00114-JMM (May 22, 2002 dismissal for same); and *Howard v. Hence, et al.*, E.D. Ark. Case No. 5:03-cv-00033-SWW (Feb. 19, 2003 dismissal for same).

## III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Howard's complaint be DISMISSED, without prejudice, based on his failure to: (1) failure to pay the statutory filing fee; and (2) prosecute this lawsuit.

2. The Clerk be instructed to close this case.

Dated 6 November 2024.

_____
UNITED STATES MAGISTRATE JUDGE

3